owners. This conclusion does not take into consideration the fact that a curb may be a necessary or usual part of a sidewalk or gutter. A borough ordinance required that the gutters along the streets be paved in the manner therein prescribed. What constitutes the pavement of a gutter is a question of fact, and evidence was offered at the trial to show that the usual and customary way of paving a gutter in this borough was with a curb and paving, and that the curb was a proper and fit part of such paving. Among the regulations of the ordinance of July 22, 1874, is the requirement that the depth of the gutter shall not be less than seven inches from the top of the curbstone. There is both direct evidence as to the use of the curb as a part of the gutter pavement and a clear implication in the ordinance that a curbstone is to be used in connection with such paving. Moreover, it is a matter of common knowledge that curb stones are generally used in paving streets and sidewalks, and that if not absolutely necessary they are convenient and desirable in connection therewith. It is not for the court to say as a matter of law that the curb is not a part of the gutter pavement. Whether it is so is a question for a jury, and the only evidence offered on that subject at the trial was to the effect that the curb was a part of the pavement. It was held in Schenley v. Com., 36 Pa. 29, that the power to pave included the power to furnish and do all that is necessary, usual or fit for paving, and that whether a curbstone was usually included in paving was a question of fact. We are of the opinion that both under the ordinances above referred to and the uncontradicted evidence presented at the trial the defendant is liable for the cost of the curbing.

The judgment is, therefore, reversed, and judgment is now entered on the verdict in favor of the plaintiff.

---

## Phœnixville Borough, Appellant, *v.* Brownback.

OPINION BY HENDERSON, J., February 25, 1907 :

It was agreed by counsel that the decision in this case should follow that of the Burgess and Town Council of the Borough of Phœnixville, against John B. Miller, ante,

p. 6, in which an opinion has been this day filed reversing the judgment and entering judgment in favor of the plaintiff on the verdict. The judgment in this case is therefore reversed and judgment is now entered in favor of the plaintiff on the verdict.

---

## Phœnixville Borough, Appellant, *v.* Walters.

OPINION BY HENDERSON, J., February 25, 1907:

It was agreed by counsel that the decision in this case should follow that of the Burgess and Town Council of the Borough of Phœnixville, against John B. Miller, ante, p. 6, in which an opinion has been this day filed reversing the judgment and entering judgment in favor of the plaintiff on the verdict. The judgment in this case is therefore reversed and judgment is now entered in favor of the plaintiff on the verdict.

---

## Kracker, Appellant, *v.* Philadelphia Rapid Transit Company.

*Negligence—Street railways—Summer car—Standing on steps—Contributory negligence.*

In an action against a street railway company by a passenger, to recover damages for personal injuries, it appeared from the plaintiff's own testimony that he stepped down upon the alighting step of a summer car, and, with his cane in his left hand, grasped the stanchion of the car in order to steady himself upon the step. He turned himself about to catch the stanchion with his right hand, in order to give himself support in re-entering the car, which had not stopped as he had expected. Instead of catching the stanchion, he caught hold of his cane, which gave him no support, and he was precipitated into the street and injured. *Held,* that a nonsuit was properly entered.

Argued March 14, 1907. Appeal, No. 13, Oct. T., 1906, by plaintiff, from order of C. P. No. 2, Phila. Co., March T.,